IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES R. ROGERS,

    Plaintiff,

v.                                          Civil Action No. 1:04CV164
                                                          (STAMP)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**DECLINING TO ADOPT THE REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Background

The plaintiff, Charles R. Rogers ("Rogers"), filed the above-styled action on July 28, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of the Social Security Administration, pursuant to 42 U.S.C. § 405(g). The case was initially referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to the plaintiff's complaint on November 10, 2004. On November 29, 2004, the plaintiff's case was transferred to the undersigned judge and then referred to United States Magistrate Judge James E. Seibert on December 1, 2004. The plaintiff filed a motion for

summary judgment on January 6, 2005, and the defendant filed a motion for summary judgment on March 7, 2005.

Magistrate Judge Seibert considered the motions of both parties and submitted a report and recommendation. In his report, he made the following findings: (1) under step four of the disability evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, a finding of "not disabled" cannot be based on a claimant's previous self-employment if a capital investment would be required to resume such employment; and (2) the Administrative Law Judge ("ALJ") erred in determining that the claimant could perform his past relevant work as a self-employed shop worker.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his recommendation for disposition, they must file written objections within ten days of being served with a copy of the report. On May 12, 2005, the defendant timely filed written objections, in which the defendant requests that this Court decline to adopt the recommendation and instead affirm the ALJ's decision.

Specifically, the defendant objects to the magistrate judge's application of <u>Cornett v. Califano</u>, 590 F.2d 91 (4th Cir. 1978) to the fourth step of the disability evaluation process. The defendant also objects to the magistrate judge's finding that

Cornett states the legal standard for past relevant work as an entrepreneur.

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings for the magistrate judge are reviewed for clear error.

## II. Facts

On October 17, 2001, the plaintiff filed for Disability Insurance Benefits. This claim was ultimately denied. The plaintiff then filed a second disability claim on April 3, 2003, alleging disability since October 12, 2002. Following a hearing on March 4, 2004 before an ALJ, the plaintiff's application was denied because the ALJ found that the plaintiff was "not disabled" within the meaning of the Social Security Act. The

Appeals Council denied plaintiff's request for review of the ALJ's decision on July 14, 2004. The plaintiff then filed the present action with this Court.

### III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which "'a reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). "Judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d at 1456.

B.  <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986)).  However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56 (e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that can be resolved only by a finder of fact because they may reasonably be

resolved by either party." Id. at 250; see also <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## IV. <u>Discussion</u>

The defendant's objections to the magistrate judge's report and recommendation are limited to the magistrate judge's consideration of the entrepreneurial burdens associated with the plaintiff's past relevant work. The magistrate judge relied upon <u>Cornett v. Califano</u>, 590 F.2d 91 (4th Cir. 1978), for the

6

proposition that "the law does not impose on a Social Security claimant the requirement of becoming an entrepreneur so as to establish a business which requires the use of her capital as well as her labors." Id. at 94. The magistrate judge also found that although Cornett addressed only the fifth step of the sequential disability evaluation process, Cornett's reasoning is equally applicable to step four. Accordingly, because an investment of the plaintiff's capital would be required in order for him to resume his previous business as a self-employed shop worker, the magistrate judge determined the ALJ erred in considering this previous work during the step four inquiry. For reasons stated below, this Court disagrees.

Title 20, Code of Federal Regulations, Section 404.1520(a)(4) establishes a five-step sequential evaluation process to determine whether a claimant is disabled. If a claimant is found to be "not disabled" at any one of these sequential steps, then further inquiry is unnecessary and will not be conducted. 20 C.F.R. § 404.1520(a)(4). Step four of the evaluation requires a finding of "not disabled" when a claimant's residual functional capacity allows him to perform past relevant work. § 1520(a)(4)(iv).

In Barnhart v. Thomas, the Supreme Court upheld the Social Security Administration's position that the step four inquiry

7

does not require consideration of whether the claimant's past relevant work continues to exist. 540 U.S. 20 (2003). By applying step four as "a workable proxy that avoids the more expansive and individualized step-five analysis," the Court held that the agency had reasonably construed the Social Security Act and was therefore entitled to deference. Id. at 28.

Thomas establishes that the present availability of a claimant's previous employment is irrelevant at step four of the disability evaluation. This interpretation of the step four inquiry has been the law of the Fourth Circuit for some time. See Pass v. Chater, 65 F.3d 1200, 1204 (4th Cir. 1995) ("Past relevant work in the regulatory scheme is a gauge by which to measure the physical and mental capabilities of an individual and the activities that he or she is able to perform, rather than a means by which to assure that the claimant can actually find employment."). By establishing step four as a "workable proxy" for step five, Thomas clarifies that any consideration of the continued availability of previous employment is irrelevant. Such an interpretation of legislative intent, the Court says, is a reasonable one:

> Congress could have determined that an analysis of a claimant's physical and mental capacity to do his previous work would 'in the vast majority of cases' serve as an effective and efficient administrative

8

>       proxy for the claimant's ability to do some work that
>       does exist in the national economy.

Thomas, 540 U.S. at 28 (emphasis in original). Thomas thus demonstrates that the Commissioner is entitled to consider a claimant's ability to perform past relevant work as an indicator of the claimant's ability to perform other work, and accordingly find that the claimant is "not disabled."

It is true that the plaintiff in this case is able to perform his past relevant work solely because his self-employed status would permit him to make allowances for his reduced physical capabilities. It is also true that the plaintiff no longer operates his previous business, and that a significant capital investment would be necessary to resume operations. However, this Court is bound by the deference the Supreme Court has granted to the Social Security Administration in interpreting the Social Security Act and in applying step four of the disability evaluation process. As the Supreme Court stated, "[t]he proper Chevron inquiry is not whether the agency construction can give rise to undesirable results . . . but rather whether, in light of the alternatives, the agency construction is reasonable." Id. at 29. Therefore, because the plaintiff retains the residual functional capacity to perform his

9

past work as a self-employed shop worker, this Court finds it must sustain the defendant's objections.

In a related argument, plaintiff asserts in response to the defendant's motion for summary judgment that, because his residual functional capacity does not allow him to perform the duties of the occupation of shop worker as it is generally performed, the ALJ erred in finding he was "not disabled" at step four. The Fourth Circuit has clearly established that the step four inquiry includes an analysis of both a claimant's particular past relevant job and the claimant's past occupation as it is generally performed:

> [U]nder the fourth step of the disability inquiry, a claimant will be found to be 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past or as it is generally required by employers in the national economy.

Pass v. Chater, 65 F.3d at 1207 (citing Social Security Ruling 82-61)(emphasis in original).

The ALJ found that the plaintiff "can perform a full range of medium work activity but would need to use the restroom once every half hour." (Tr. 25.) This finding is supported by the physical residual functional capacity assessments of both Dr. Cynthia Osborne and Dr. Fulvio Franyutti. (Tr. 237-246, 247-255.) As the plaintiff did not present the opinion of a treating physician, these assessments are uncontradicted in the record.

10

The ALJ also noted that the claimant's own frequency of urination records indicate that he uses the restroom, on average, less than two times every hour during typical work hours. (Tr. 24.)

In response to a hypothetical posed by the ALJ, which assumed that the plaintiff was limited to medium work and that he would require restroom breaks every half hour, the vocational expert testified that the plaintiff could perform the duties of his past relevant work as a self-employed shop worker. This Court finds that the ALJ's determination that the claimant retains the residual functional capacity to perform his past relevant work is supported by substantial evidence. Accordingly, because the plaintiff remains able to perform his past relevant work <u>as he performed it in the past</u>, the ALJ did not err in finding the plaintiff "not disabled."

## V. Conclusion

After reviewing the magistrate judge's report and the parties' motions for summary judgment, this Court finds that the ALJ's decision was supported by substantial evidence, that the magistrate judge's report and recommendation should not be adopted, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no

remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court declines to adopt the magistrate judge's report and recommendation.  Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and that the plaintiff's motion for summary judgment be DENIED.  This case is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  September 22, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE